IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. CAPOBIANCO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-1656 |
| TIMOTHY F. GEITHNER,[1] et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                          July  28, 2009

      This is an employment discrimination case.  The complaint sets forth violations of the Age Discrimination and Employment Act, 29 U.S.C. § 621 et seq., the Rehabilitation Act, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq. and the Privacy Act, 42 U.S.C. § 2000 et seq.  Defendants are the Secretary of the Treasury and Aileen Condon, plaintiff's supervisor at the Internal Revenue Service.  Defendants move to

---

[1] Timothy Geithner, the current Secretary of the Treasury, is substituted for Henry M. Paulson, Jr., the former Secretary, who was originally named as a defendant.  Fed. R. Civ. P. 25(d).

dismiss plaintiff's claims under the ADA[2] and all claims against Condon.[3]  Fed R. Civ. P. 12(b)(1) and (6).  Plaintiff did not oppose the motion, and it will be granted.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[2] There has been no waiver of sovereign immunity by the United States for claims under the ADA, and this court therefore lacks subject matter jurisdiction.  FDIC v. Meyer, 510 U.S. 471, 474-75 (1994) (citations omitted) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . . Sovereign immunity is jurisdictional in nature.")

Additionally, the ADA explicitly exempts the United States from the definition of employer under the statute, and, therefore, there is no basis for suit against the United States or its employees under that act.  42 U.S.C. § 12111(5)(B)(i).  "The Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of handicap by federal agencies."  Spence v. Straw, 54 F.3d 196, 197 (3d Cir. 1995).

[3] The agency in question, not an employee's supervisor, is the only appropriate defendant in actions under Title VII, the Rehabilitation Act or ADEA.  Sharpless v. Summers, 2001 WL 118960, at *5 (E.D. Pa., Feb. 9, 2001) (dismissing claims against plaintiff's supervisor because "[a]ccording to 42 U.S.C. § 2000e-16(c), a defendant in a civil action brought under Title VII shall be the 'head of the department, agency or unit.";  Hamm v. Runyon, 51 F.3d 721, 722 n.1 (7th Cir. 1995) ("Since Section 505(a)(1) of the [Rehabilitation] Act borrows the procedures and remedies of Title VII, the exclusive remedy for a claim that a federal agency discriminated against a disabled employee or job applicant is a suit against the agency's head."); Shaffer v. Peake, 2008 WL 794470, at *24 (W.D. Pa., Mar. 24, 2008), citing Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir. 1986) ("Although the ADEA does not explicitly state that an action brought thereunder shall be commenced against the appropriate department head, a similar rule [to that applied in Title VII cases] has been applied in ADEA cases.").

"The Privacy Act authorizes suit only against an agency, and not an individual."  Bavido v. Apfel, 215 F.3d 743, 747 (7th Cir. 2000)(citations omitted).